**AVERY v. HELWICK.**

No. 16274.

Court of Appeal of Louisiana. Orleans.
March 9, 1936.

O'Niell & O'Niell, of New Orleans, for appellant.

Walter G. Wedig, of New Orleans, for appellee.

WESTERFIELD, Judge.

Plaintiff, Hamilton K. Avery, a salesman for a manufacturer of ice cream refrigerating machinery, sold to defendant, Theodore P. Helwick, Jr., a "freezer" for $1,515. Learning that Helwick desired to sell the freezer, he went to his place of business and entered into a verbal agreement whereby he undertook to sell Helwick's freezer and Helwick agreed to pay him as a commission whatever sum he obtained for it in excess of $1,000. He requested Helwick to put their agreement in writing, which Helwick consented to do, and made an appointment for the next morning, June 18, 1935, to meet him in his attorney's office for the purpose of drafting the agreement. Avery and Helwick met according to appointment in the office of counsel. In the meanwhile Avery negotiated a sale of the freezer to one R. O. Hendry for $1,400 and obtained Hendry's check payable to Helwick's order in the sum of $150, as a cash payment on account of the purchase price. The check was indorsed by Helwick

to Avery, and the following agreement entered into:

"I, Theodore P. Helwick on the sale of Gebhardt freezer No. 5602 to R. O. Hendry, I agree to pay to the said H. K. Avery as his commission, any amount received over One Thousand ($1,000.00) Dollars. H. K. Avery has received One Hundred and Fifty ($150.00) Dollars cash and out of the $1250 balance due, I will pay to Mr. Avery until the Two Hundred and Fifty ($250.00) Dollars is paid, the 2, 4, 6, 8 and 10 payments made on the said chattel mortgage, which payment of chattel mortgage is to be Fifty ($50.00) Dollars on the 19th of each month beginning with July 19th, 1935.

"[Signed]    Theo. P. Helwick, Jr.
"Witness:
"[Signed]    John L. Barker."

The sale of the refrigerator to Hendry was consummated and the balance of the purchase price secured by chattel mortgage in accordance with the statement in the agreement. On the 8th of August, 1935, Hendry returned the freezer to Helwick and the mortgage notes were canceled, the transaction being reduced to writing and contained the following clause:

"It is understood that if the above box is sold and Mr. Helwick receives the one thousand dollars that is his investment in this box that the amount above the one thousand dollars after settlement claim of Avery is made that the surplus will be turned over to Mr. Hendry.
"[Signed]    Reginald O. Hendry
"[Signed]    Theo. P. Helwick, Jr."

Thereafter Avery demanded that Helwick pay the $250 balance due on his commission, and, upon Helwick's refusal to do so, this suit resulted. There was judgment below rejecting plaintiff's demand and he has appealed.

■ The position of the defendant is that he was under no obligation to pay plaintiff a commission unless and until the purchase price of the freezer was paid by Hendry, which was not done, and the freezer was taken back because of Hendry's inability to pay for it and to save the expense of a foreclosure. We have no doubt that this procedure was resorted to for the reasons stated by defendant and perhaps the agreement with Avery may be construed to mean that the payment of any commission beyond the $150 which he

received when the sale was consummated was dependent upon the payments mentioned in the agreement, which were to be applied to the balance due him on that account, though on this latter point there may be some question. But Avery was not consulted in regard to the repossession of the freezer and knew nothing of the arrangement made in that agreement for the payment of the balance of his commission. In the absence of any specific agreement by Avery warranting the financial ability of the purchaser, Hendry, the acceptance by Helwick of the terms offered by Hendry, and the acceptance of Hendry as a purchaser, would have been sufficient to establish Avery's right to claim his commission of $400, because Helwick could have objected to the solvency of Hendry or to the method of payment proposed, and he could have refused to enter into the contract of sale upon that basis. If he had done so, a different question would have been presented.

■ But, viewing the matter in the light most favorable to defendant, let us say that the reference to the installments out of which the remainder of the commissions were to be paid, as contained in the contract of agency, had the effect of making further payments conditioned upon the receipt of those partial payments by Helwick, the mere statement of Hendry of his inability to make the payments would not defeat plaintiff's right to recover. The voluntary agreement for the retrocession of the freezer and the cancellation of the chattel mortgage had the effect of depriving Avery of any opportunity he may have had to collect his commission through legal process. It may be, as defendant has suggested, that it was more economical to have a voluntary return of the freezer than to obtain possession by means of executory process. But, in effecting an economical adjustment of the matter with Hendry, without the knowledge or consent of Avery, whose commissions were to be paid out of the partial payments which were remitted by Helwick, Avery could not be deprived of his interest in those payments. A broker is entitled to his commission upon the consummation of the business of his principal upon terms satisfactory to and accepted by the principal. If Helwick had foreclosed on his chattel mortgage and obtained possession of the freezer as the adjudicatee at a public sale for $1,000 or less, assuming that

the plaintiff's commission was dependent upon the payment of the purchase price, Avery could not have recovered the balance of his commission because Helwick would have exhausted all legal means of collecting the payments, out of which Avery was to be compensated.

In our opinion the trial court erred in dismissing plaintiff's suit.

There was also a claim by defendant in reconvention for $300, which the trial court disallowed. In this respect we believe the judgment below was correct.

For the reasons assigned the judgment appealed from, on the main demand, is reversed, and it is now ordered that there be judgment herein in favor of the plaintiff, Hamilton K. Avery, and against the defendant, Theodore P. Helwick, Jr., in the full sum of $250, with legal interest from judicial demand and all costs.

It is further ordered that the judgment dismissing the reconventional demand of defendant be, and it is, affirmed.

Reversed in part; affirmed in part.